There was the positive testimony by the plaintiff and his witnesses that there were neither barricades nor danger signals, but, on the contrary, that there was an open door of invitation from the hallway into the room, which thus presented its final surface. There was testimony by defendant's witness Shaw that when he left the work—which was, however, six days before the accident—there was a crossfoot in front of the open doorway; and there was testimony of Berquist, the superintendent, that this barrier remained until after the accident. But this merely presented a question for the jury. The plaintiff testified that he had to go into the room in order to build up a window from which bricks had been taken in order to let out machinery; that he had to finish some work therein,—joining the old and the new,—and there was no other place for doing the work. It could not be said as matter of law that the plaintiff was chargeable with want of ordinary care in entering through this open door upon this apparently completed floor, which, according to some of the witnesses, afforded the only access to his work. There is also evidence which warranted the jury to find that the plaintiff, on the day when the concrete was first laid, had asked and had obtained leave of Shaw, the foreman of the defendant, to go on the floor to put a scaffold there, and that with such permission he and his fellow workmen then went in there, and put up the scaffolding. No evidence is offered that the plaintiff knew, and none to make him chargeable with knowledge, that after this time a part of the support of the floor had been removed, so as to make it a pitfall or a trap. I find no merit in the exceptions taken.

The judgment and order must be affirmed, with costs. All concur.

---

STINES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 16, 1901.)

STREET RAILROADS—NEGLIGENCE—INJURY TO MAN CROSSING TRACK.

Plaintiff's van was damaged by the defendant's car. The car was standing still about 40 feet from the crossing when the driver started to cross the tracks, and when the horses were on the track the motorman started the car, which struck the van near the rear end. Two witnesses testified that the car started about 170 feet from the crossing, and did not stop again. *Held* sufficient proof of defendant's negligence and plaintiff's freedom from contributory negligence to support a verdict for plaintiff.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Bert F. Stines against the Metropolitan Street-Railway Company for damages to plaintiff's van. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

G. Glenn Worden and James B. Carruthers, for appellant.
Joseph G. Williamson, for respondent.

BISCHOFF, P. J. We are asked to reverse this judgment upon the ground that the issue as to the defendant's negligence and the plaintiff's driver's freedom from contributory negligence was determined by the jury contrary to the weight of the evidence. The action was for damages sustained through a collision between the defendant's car and the plaintiff's van at Lexington avenue and 106th street. According to the testimony of the driver of the van, corroborated by his companion, he approached Lexington avenue from the west, stopped for the passing of a car on the west track, and, observing the car in question at a standstill on the east track, some 40 feet away, he proceeded to cross; but when his horses were upon the east track the car was started by the motorman, who was looking towards the rear, and the collision occurred, despite the driver's endeavors to escape. It appears from the evidence that the driver's view was not obscured at all by the car which had passed him, and to hold that the contrary was the fact, as claimed by the appellant, would involve a disregard of the direct proof. No evidence was given for the defendant, but two other witnesses, called for the plaintiff, testified that the car had started from a point just above 105th street, some 170 feet from the place of crossing, and did not stop again; but, if the jury were bound to take this as the fact, there still remains the driver's clear statement that when his horses were crossing the tracks the car was at a standstill, and his mistake in the distance would not amount to a misstatement of that fact. The car struck the rear of the wagon, and it is quite conceivable that it had proceeded for 100 feet and more while the wagon was crossing the track; or, on the other hand, the jury might have inferred that the car was going very slowly when the plaintiff thought it was at rest. In either aspect the driver's attempt to cross was by no means an unreasonable or rash act, and the collision could readily be deemed to have occurred through the sole negligence of the defendant's motorman in starting the car, or in materially increasing its speed, without looking for what was before him.

We conclude that the verdict was amply supported by the evidence, and that the judgment should be affirmed, with costs. All concur.